644 F.2d 1274
 John LUTTRELL, Plaintiff-Appellant,
v.
UNITED STATES of America et al., Honorable Griffin Bell,
Attorney General of the United States of America, Honorable
Juanita Kreps, Secretary, Department of Commerce, Owen
Siler, Admiral, Commandant, United States Coast Guard,
Honorable Brock Adams, Secretary, Department of
Transportation, West of England, London and Interstate Fire
and Casualty Company as Correspondent and United States
Representatives of West of England, and Freehill, Hogan and
Mahar as Adjustors and Agents for Defendants West of
England, and Erskine Wood, Jr., as Representative of the
Defendant West of England, J. J. Tennant Company,
Defendants-Appellees.
 No. 78-2962.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 16, 1980.
Decided Dec. 4, 1980.
 
 1
 Adelbert G. Clostermann, Portland, Or., for plaintiff-appellant.
 
 
 2
 Jack G. Collins, Erskine B. Wood, Wood, Tatum, Mosser, Brooke & Holden, Portland, Or., for defendants-appellees.
 
 
 3
 Before SKOPIL and ALARCON, Circuit Judges, and REED,* District Judge.
 
 
 4
 EDWARD C. REED, Jr., District Judge.
 
 
 5
 The essential nature of this case is an independent action to set aside a previous judgment as void. The original judgment entered in 1968 resulted from an action filed by the appellant as a result of injuries sustained by him as a seaman aboard a merchant vessel belonging to the United States. As a result of that judgment there were two unsuccessful previous appeals to this court and two unsuccessful petitions for writ of certiorari to the Supreme Court. In each instance, at every level of our judicial system, appellant's claims were found to be without merit. He now appeals the district court's dismissal of his most recent suit filed in 1978. The claim made here is that the dismissal was unwarranted since the original judgment of 1968 should be set aside due to newly discovered evidence and because the United States was improperly defended by Erskine Wood, its insurance company's counsel. Appellant's claim is without merit.
 
 
 6
 The district court lacks subject-matter jurisdiction under the statutes pleaded by appellant. Federal district courts are dependent for their subject-matter jurisdiction upon statutory authority granted by Congress. Palmore v. United States, 411 U.S. 389, 401, 93 S.Ct. 1670, 1678, 36 L.Ed.2d 342 (1973). In his complaint, appellant cites the following statutes as a basis for conferring subject-matter jurisdiction. None of them confers such jurisdiction:
 
 
 7
 (a) 50 U.S.C. App. § 1291 confers admiralty jurisdiction over injuries to seamen employed by the War Shipping Administration. The present action is an independent action to set aside a prior judgment and is not an action for relief on account of injuries suffered.
 
 
 8
 (b) 28 U.S.C. §§ 2201 and 2202 create additional remedies in the form of declaratory judgment relief for federal litigants, but do not in and of themselves confer subject-matter jurisdiction on the courts. Wells v. United States, 280 F.2d 275 (9th Cir. 1960).
 
 
 9
 (c) 42 U.S.C. §§ 1983 and 1985 when coupled with 28 U.S.C. § 1343, confer jurisdiction for actions claiming the deprivation of civil rights under the color of state law or by conspiracy. No such deprivation has been alleged.
 
 
 10
 In addition, the Court notes that appellant does not claim that the federal government has denied him his civil rights and thus no jurisdiction exists under the rationale adopted in Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
 
 
 11
 (d) 18 U.S.C. §§ 201, 202, 205, 208, 1001 and 1008 define crimes under federal law and do not confer civil subject-matter jurisdiction.
 
 
 12
 Perhaps, under Rule 60(b) of the Federal Rules of Civil Procedure, the district court might have obtained jurisdiction over appellant's claim for relief because of newly discovered evidence or the claim (if the complaint can be so read) that the prior judgment was obtained through extrinsic or intrinsic fraud. Such basis for jurisdiction was not pleaded by appellant and, in any event, is time barred by the statute of limitations contained in the rule. Under Rule 60(b) a court may, within one year of its judgment, reconsider a judgment in such circumstances. Appellant's claims are clearly made beyond the time frame contemplated by this rule.
 
 
 13
 In the alternative, it might be contended that appellant's action should be allowed under the statute of limitations "saving clause" at the end of Rule 60(b). That clause excepts, from the one-year limitation, an equitable action to set aside a judgment because of "fraud upon the court." However, the factual underpinnings of the complaint do not allege a "fraud upon the court" as this phrase has been interpreted. "Fraud upon the court" as a basis for equitable relief is construed narrowly in order to preserve the finality of judgments, an important legal and social interest. See, Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 640-642 (N.D.Cal.1978); Toscano v. Commissioner of Internal Revenue, 441 F.2d 930, 934 (9th Cir. 1971). Fraud of this nature is the exception and confers equitable jurisdiction on a court:
 
 
 14
 Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where the attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney corruptly sells out his client's interest to the other side... United States v. Throckmorton, 98 U.S. 61, 65-66, 25 L.Ed. 93 (1878).
 
 
 15
 The concern of the court in Throckmorton and its progeny was that because of this type of fraud, the injured party is prevented from fairly presenting his claim or defenses or from introducing relevant or material evidence. Id, at 66; see also 7 Moore's Federal Practice, Second Edition, § 60.37 (1979).
 
 
 16
 The fraud alleged by appellant is not the type contemplated by the extraordinary remedy of an independent action to set aside a judgment. The record and the facts presented herein do not justify relief.
 
 
 17
 In this case, a claim for relief based upon "fraud upon the court" would have to be grounded in appellant's claim that the United States was not properly represented. Appellant admits that three attorneys of record for the Government in the original action (the United States Attorney for Oregon and his assistant; and an attorney for the admiralty and shipping section of the Department of Justice) were properly authorized to represent the Government, signed all pleadings for the Government and were served with all pleadings by appellant. He nevertheless argues that since Erskine B. Wood, the insurance company attorney, conducted the majority of the litigation, the case constituted a "fraud upon the court". Mr. Wood was never specifically appointed by the Attorney General to represent the United States pursuant to 28 U.S.C. § 515. Appellant asserts that attorneys appointed under that statute are subject to a higher standard of conduct than that imposed upon private attorneys and that his higher standard of conduct is essential when dealing with seamen's claims because they are wards of admiralty and as such an additional fiduciary duty attaches to the representatives of the United States.
 
 
 18
 We find that appellant's allegations, even when viewed in a light most favorable to him, do not rise to the level of a fraud upon the court on the basis of which an independent action to set aside the original judgment might be founded. While it was true that Mr. Wood was not appointed in the context of 28 U.S.C. § 515, his representation was lawful since it was provided for by 31 C.F.R. 5125, § 10, under the authority of 46 U.S.C. § 1114. That regulation allows the United States to insure its vessels through private insurance companies, which in turn are permitted to litigate claims covered by the policies obtained by the government. Since the claims of the insurance company and those of the United States were coincidental, it cannot be said that Wood's representation was invalid.
 
 
 19
 Furthermore, appellant's claims that an alleged fiduciary duty owed to seamen as wards of admiralty, coupled with the higher ethical standards imposed on Government attorneys, would have affected the outcome of his case are unfounded. Seamen as wards of admiralty are wards of the court, not the Executive Branch of the government. Furthermore, any such relationship that might be claimed to exist with the executive would be extinguished once the seamen brought suit against the United States (See, Norris, The Law of Seamen. Volume I, Chapter 24, page 593 et seq., Sections 501, 503, and 512).
 
 
 20
 Appellant's attempted distinction between representation of the United States by an attorney appointed under the statute and representation by the insurance company based upon a claimed higher standard of conduct imposed upon the former is also without merit. Attorneys so situated would be required to defend against the same claim. At all times the government was represented by its own attorneys appointed pursuant to the statute. Mr. Wood was "of counsel" to the government as noted by all pleadings and always under the supervision of the government's attorneys. His representation under the circumstances does not amount to a fraud on the court, i. e., "... a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Keys v. Dunbar, 405 F.2d 955 (9th Cir. 1969), cert. denied 396 U.S. 880, 90 S.Ct. 158, 24 L.Ed.2d 138 (1969).
 
 
 21
 Appellant's allegation of newly discovered and previously intentionally concealed evidence, as a basis for avoiding the prior judgment, has already been considered by this court in one of appellant's prior appeals. Luttrell v. United States, et al, Appeal No. 71-2640, Orders of 3/23/72 and 5/23/72. No reason exists to disturb these prior decisions.
 
 
 22
 Appellant, in reality, seeks to relitigate the same claims he presented in 1968, 1970 and 1971. Only extraordinary bases would justify the district court setting aside the prior judgments. Such bases do not exist here.
 
 
 23
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation