UNITED STATES of America,
Plaintiff-Appellant,

v.

Billy J. SPARKS, Defendant-Appellee.

No. 82–3051.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 17, 1982.

Decided Aug. 31, 1982.

Stephen Cooper, Fairbanks, Alaska, for plaintiff-appellant.

Michael J. Frank, Baily & Mason, Anchorage, Alaska, for defendant-appellee.

Before PREGERSON, ALARCON, and NELSON, Circuit Judges.

NELSON, Circuit Judge:

The district court denied the Government's motion made under Fed.R.Civ.P. 60(b) to set aside the court's order dismissing the Government's case for lack of prosecution. The United States appeals. For the reasons stated below, we reverse and remand the district court's order.

Appellee Sparks was convicted in 1973 of possessing stolen mail. The crime occurred in 1971. In 1977, shortly before the applicable 6-year statute of limitations ran, the Government brought an action against Sparks for conversion, seeking the repayment of more than $66,000. On April 16, 1979, the date set for trial, the parties reached an oral agreement to settle the case. The terms of the oral settlement included repayment of $64,000 in five years at 5 percent interest. The court entered a minute order stating that a settlement agreement was to be filed.

The Justice Department tentatively approved the settlement on the same day, and the Government shortly thereafter sent proposed settlement documents to Spark's attorney. The parties then began to work out the details of settlement, attempting to reach agreements regarding the security to be used for Sparks's payment of the money, and the exact time within which the money was to be repaid. Although the parties communicated and attempted to conclude the settlement, nothing was reduced to writing.

In May 1980, the district court entered a judgment dismissing the action for lack of prosecution, pointing out that there had been no activity in the case for more than a year. The Government did not appeal this order of dismissal.

The parties continued to try to work out the settlement after the judgment of dismissal had been entered. Both parties agreed that, even though it had been dismissed, the case would be reinstated whenever they reached a final settlement.

On July 22, 1981, Sparks's attorney repudiated the settlement agreement, and expressed his opinion that it was too late for the Government to reinstate the case. On July 31, 14 months after entry of the order dismissing the case, the Government moved pursuant to Fed.R.Civ.P. 60(b) to set aside the 1980 order of dismissal and to reinstate the case. The district court denied the motion, and this appeal followed.

Rule 60(b) provides that a district court may "relieve a party or his legal representative from a final judgment, order or proceeding" for specified reasons.[1] A motion made under the first three subsections of Rules 60(b) must be brought within a year,

1. Rule 60(b) provides, in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

but a motion made under the other subsections need be brought only within a reasonable time after entry of the order sought to be set aside. Fed.R.Civ.P. 60(b); *Rodgers v. Watt*, 680 F.2d 1295, 1298 (9th Cir. 1982). *See* also *Luttrell v. United States*, 644 F.2d 1274, 1276 (9th Cir. 1980).

▆ The Government's motion alleged that it was entitled to relief under clause (6) of Rule 60(b), which permits a judgment to be set aside for "any other reason justifying relief from the operation of a judgment." That clause gives the district court power to vacate judgments "whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). In order to obtain such relief from a judgment, however, "extraordinary circumstances" must exist. *Ackerman v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950); *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981); *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981).

Instead of determining whether the Government had shown extraordinary circumstances, the district court denied the motion on the ground that the Government had not complied with 28 U.S.C. § 2415(e). That statute provides that any civil action that is timely brought by the Government and subsequently dismissed without prejudice "may be recommenced within one year after such dismissal."[2] The district court apparently reasoned that, because the Government sought relief under Rule 60(b) more than a year after the case was dismissed, section 2415(e) precluded it from granting the motion.

▆ The district court erred in denying the motion on the ground that section 2415(e) precluded relief. Nothing in the language of section 2415(e) or in its legisla-

tive history suggests that it precludes the application of Rule 60(b)(6). Rather, section 2415(e) is intended to reserve to the Government the right to recommence an action within one year of dismissal without prejudice notwithstanding any limitations barrier that might otherwise apply. *See* S.Rep.No.1328, 89th Cong., 2d Sess. 2, *reprinted in* 1966 U.S.Code Cong. & Ad.News 2502, 2506. We cannot read section 2415(e) as erecting an independent one-year limitations period that would deny only to the Government the potential benefit of Rule 60(b) in an appropriate case. Accordingly, the only question is whether the Government has shown "extraordinary circumstances" sufficient to entitle it to Rule 60(b)(6) relief.

▆▆ We decline the parties' invitation to rule on the merits of the Rule 60(b) motion. Such a motion contemplates the exercise of the district court's discretion. *See Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7, 54 L.Ed.2d 521 (1978); *National Industries v. Republic National Life Ins. Co.*, 677 F.2d 1258, 1270 (9th Cir. 1982) (denial of Rule 60(b) motion is reviewed for abuse of discretion). Because the district court relied on section 2415(e) in denying the motion, it apparently never exercised its discretion. Rather than engage in a de novo determination here, we think it better to remand the case to the district court for it to determine whether extraordinary circumstances exist.

On remand, the district court should consider that, even after the case was dismissed in May 1980, both sides agreed that the case would be reinstated as soon as the terms of the settlement could be finalized. Both sides continued to attempt to conclude the settlement, and Sparks led the Govern-

---

**2.** Section 2415(e) is located among other statutes setting limitations periods applicable to suits brought by the Government. *See* 28 U.S.C. § 2415(a)–(h). Section 2415(e) provides:

In the event that any action to which this section applies is timely brought and is thereafter dismissed without prejudice, the action

may be recommenced within one year after such dismissal, regardless of whether the action would otherwise then be barred by this section. In any action so recommenced the defendant shall not be barred from interposing any claim which would not have been barred in the original action.

ment to believe that he would abide by the terms of the agreement. Sparks repudiated the agreement in July 1981, only after he thought the Government would be precluded by operation of section 2415(e) from reinstating the case.

The July 1981 repudiation occurred more than a year after the May 1980 judgment of dismissal. Thus, it appears that even if the Government could have shown that Sparks committed "fraud ... misrepresentation, or other misconduct" by misleading the Government, *but see Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982) (appellant must also establish that conduct prevented full and fair presentation of case or defense), a timely motion for relief from judgment under Rule 60(b)(3) could not have been made. In these circumstances, we believe the Government's inability timely to seek relief under Rule 60(b)(3), brought about by acts of the other party, may well constitute an extraordinary circumstance sufficient to invoke Rule 60(b)(6).

This is not to say that the result is foreordained. Indeed, it appears that the Government could have been more diligent in prosecuting the matter. It also appears, however, that some of the Government's lack of diligence is attributable to Sparks's repeated assurances that he wanted to settle the matter and that he would abide by the oral agreement.

The case is REVERSED and REMANDED to provide the district court with the initial opportunity to determine whether, in light of all the circumstances, the interests of justice require that the judgment of dismissal be vacated. *See Klapprott*, 335 U.S. at 614–15, 69 S.Ct. at 390.[3]

---

3. The circuits are split regarding whether the district court has power to enforce a repudiated settlement agreement if it grants Rule 60(b)(6) relief and reopens the case. *Compare Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976) (holding that district court has power to enforce agreement), *with Fairfax Countywide Citizens v. Fairfax County*, 571 F.2d 1299, 1303 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) (rejecting holding in *Aro Corp.* and holding that district court may not enforce agreement unless agreement has been approved and incorporated into order of court, or some independent ground for federal jurisdiction exists at time enforcement is sought). Neither this court nor the district court must decide this issue now, because the Government's Rule 60(b) motion seeks only reinstatement of the case, not enforcement of the agreement.