967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John C. O'BRIEN, Plaintiff-Appellant,
v.
CALIFORNIA STATE UNIVERSITY, FRESNO, et al., Defendants-Appellees.
 No. 90-16697.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John C. O'Brien appeals pro se the district court's grant of summary judgment in favor of California State University, Fresno and various private defendants (collectively referenced as "CSU") in his action to set aside a 1982 settlement agreement. O'Brien contends that the district court erred by finding that he had established no genuine issues of fact which would support his claim that CSU had perpetuated a fraud upon the court by means of the settlement agreement. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment "to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Berrie & Co., No. 88-15334, slip op. 6055, 6060 (9th Cir. June 2, 1992).
 
 
 4
 Summary judgment is appropriate if the moving party can show that it is entitled to judgment as a matter of law because no facts support the opposing side's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Fed.R.Civ.P. 56(c). " 'Fraud upon the court' as a basis for equitable relief is construed narrowly in order to preserve the finality of judgments, an important legal and social interest." Luttrell v. United States, 644 F.2d 1274, 1276 (9th Cir.1980); see Abatti v. C.I.R., 859 F.2d 115, 118 (9th Cir.1988) (" 'fraud on the court' ... may occur when the acts of a party prevent his adversary from fully and fairly presenting his case or defense," but party's advocacy of its position in court does not constitute fraud). To show fraud upon the court, the complaining party must establish that the alleged misconduct affected the integrity of the judicial process, either because the court itself was defrauded or because the misconduct was perpetrated by officers of the court. Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir.1989).
 
 
 5
 Here, O'Brien filed suit against CSU in 1978, alleging employment discrimination and other violations of his civil rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In 1982, he entered into a settlement agreement with CSU, pursuant to which CSU agreed to reassign O'Brien and end pending disciplinary proceedings against him in return for his promise to drop and/or waive all pending grievances and litigation arising from the disciplinary proceedings. His Title VII action was then dismissed with prejudice.
 
 
 6
 In 1989, O'Brien filed the instant complaint contending that he was coerced into accepting a fraudulent and unconstitutional settlement of his 1978 lawsuit, and that the judgment should be vacated because the defendants' conduct constituted fraud on the court. He alleged that because of various actions by the defendants and the fact that the magistrate took his motion to file a third amended complaint under submission for eight months, he had been left with no choice but to accept the settlement even though he was "innocent of the trumped charges of the [d]efendants" (ER at 13, p 21). He further alleged that in 1984 he discovered new evidence proving the defendants' discriminatory intent and that the magistrate assigned to his 1978 lawsuit had been biased against him. After the parties filed cross-motions for summary judgment, the district court denied O'Brien's motion and granted summary judgment for CSU, finding that O'Brien had failed to establish fraud upon the court as a matter of law.
 
 
 7
 O'Brien's 1978 lawsuit was premised on the contention that CSU had engaged in illegal discriminatory actions against him by attempting to terminate him. Regardless of the merits of CSU's disciplinary proceedings, O'Brien ended the proceedings and avoided termination by entering into the settlement agreement and thus obtained relief without having to go to trial. Contrary to O'Brien's assertion, defense counsel's opinion that the magistrate lacked patience with O'Brien does not constitute evidence of bias. Even assuming the truth of any other facts established by the later-discovered evidence, these facts neither alter the basis for the settlement agreement nor implicate the integrity of the judicial process and thus do not establish a claim of fraud upon the court. See Alexander, 882 F.2d at 424-25. Accordingly, summary judgment was appropriate. See Celotex, 477 U.S. at 327.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3