988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudolpho BUSTAMANTE, Petitioner-Appellant,
v.
Roger CRIST, Respondent-Appellee.
 No. 92-16300.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-91-00153-RGS, Roger G. Strand, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudolfo Bustamante appeals pro se from the district court's February 20, 1992 order dismissing his petition for a writ of habeas corpus. This appeal follows the district court's denial of Bustamante's motion to reconsider. Because Bustamante's notice of appeal was untimely as to the district court's February 20, 1992 order, we review only the district court's denial of his motion to reconsider. We conclude that the district court did not abuse its discretion by denying Bustamante's motion and, therefore, affirm the district court's judgment.
 
 
 3
 Following the district court's February 20, 1992 order dismissing the habeas corpus petition, Bustamante filed a motion to reconsider on March 11, 1992. The district court denied the motion on June 29, 1992. Bustamante filed his notice of appeal on July 8, 1992.
 
 
 4
 Fed.R.App.P. 4(a)(1) provides that a petitioner in a civil case must file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from...." Where a timely motion under Fed.R.Civ.P. 59 to alter or amend the judgment is filed, however, Fed.R.App.P. 4(a)(4) provides that the time for filing a notice of appeal is tolled until the Rule 59 motion is decided. A motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) is timely if it is "served not later than 10 days after entry of the judgment." Because Bustamante's motion to reconsider was filed more than 10 days after the district court's February 20, 1992 judgment, it was not a timely Rule 59(e) motion. Accordingly, the motion to reconsider did not toll the 30 day period for filing a notice of appeal so that Bustamante's July 8, 1992 appeal of the February 20, 1992 order was untimely. We therefore lack jurisdiction to review the propriety of the district court's February 20, 1992 order.
 
 
 5
 Because Bustamante's motion to reconsider under Rule 59(e) was untimely, "we may hear this appeal only by construing plaintiff's motion as based on [Fed.R.Civ.P.] 60(b)(1) or 60(b)(6). Rule 60(b)(1) authorizes the alteration of judgment based on 'mistake, inadvertence, or excusable neglect'; 60(b)(6) allows alteration for 'any other reason justifying relief from the judgment.' " Straw v. Bowen, 866 F.2d 1167, 1171-72 (9th Cir.1989). A motion under Rule 60(b)(1) may be made within "a reasonable time ... not more than one year after the judgment...." Fed.R.Civ.P. 60(b). A motion under Rule 60(b)(6) simply must be made within a reasonable time after the judgment. Id. Bustamante's June 29, 1992 motion to reconsider thus was timely as either a Rule 60(b)(1) or (b)(6) motion. Accordingly, "the propriety of the original order is not before us," and we decide only whether the district court erred by denying Bustamante's motion under Rule 60(b)(1) or (b)(6). Straw, 866 F.2d at 1171. We review the district court's June 29, 1992 order denying the motion for an abuse of discretion. Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 6
 If we construe the motion to reconsider as a Rule 60(b)(1) motion, Bustamante "must show that the district court committed a specific error." Straw, 866 F.2d at 1172. In denying Bustamante's motion, the district court concluded:
 
 
 7
 Petitioner has not presented new evidence, new legal theory, or a new factual basis. Indeed, petitioner only seeks to have the Court change its earlier order because he disagrees with the result. Reconsideration in such a circumstance is unwarranted.
 
 
 8
 [District Court Order, June 29, 1992 at 3] Bustamante does not identify any error in the court's holding. Indeed, he merely reargues the case he presented to the district court both in the original habeas corpus petition and in the motion to reconsider. He does not assert that the district court's February 20, 1992 order was based on "mistake, inadvertence, or excusable neglect." We hold that it was within the district court's discretion to deny Bustamante's motion under Rule 60(b)(1).
 
 
 9
 Alternatively, to succeed on a Rule 60(b)(6) motion, Bustamante "must demonstrate 'extraordinary circumstances' to justify relief from judgment." Straw, 866 F.2d at 1172 (quoting United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir.1982)). Bustamante did not present the district court with " 'a circumstance of hardship that cries out for the unusual remedy of the reopening of a final judgment under Rule 60(b)(6).' " Id. at 1172 (quoting O'Grady v. Secretary of Health and Human Services, 661 F.Supp. 1030, 1034 (E.D.N.Y.1987)). We hold that the district court did not abuse its discretion by denying Bustamante's motion to reconsider under Rule 60(b)(6).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3