51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abel ORTEGA, Plaintiff-Appellant,
v.
UNITED STATES of America; Southwest Marine Incorporated,
Defendants-Appellees.
 No. 94-56263.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abel Ortega appeals from the district court's denial of his Fed.R.Civ.P. 60(b) motion to vacate the dismissal with prejudice of his suit against Southwest Marine, Inc. Ortega sued Southwest in admiralty for injuries in a slip-and-fall accident aboard the U.S.S. Comstock. The district court determined Ortega's motion was moot. We review that determination de novo, Aiona v. Judiciary of State of Hawaii, 17 F.3d 1244, 1246 (9th Cir.1994), and we reverse.
 
 
 3
 Ortega sought to vacate the dismissal with prejudice and obtain a dismissal without prejudice in order to pursue a like claim in state court. In fact, prior to resolution of his motion, he sued Southwest in state court. That suit was dismissed without leave to amend on June 20, 1994. The state court granted Southwest's demurrer, concluding that Ortega's state suit was barred by res judicata because his federal suit had been dismissed with prejudice. Because Ortega's state suit had been dismissed, the district court concluded Ortega's motion was moot. We disagree.
 
 
 4
 The district court's mootness decision apparently hinged on its conclusion that Ortega was now barred from any further litigation in state court, regardless of how it resolved the motion to vacate. That conclusion was erroneous. Only judgments on the merits have res judicata effects. Castro v. Higaki, 37 Cal.Rptr.2d 84, 87 (1994). The state court granted Southwest's demurrer not based on any determination of the merits, but because it concluded Ortega's dismissal with prejudice barred consideration of those merits. Consequently, that state court decision is not res judicata on the merits of any potential Ortega claims. If the district court were to grant Ortega's motion, neither this case nor the June 20 dismissal would bar further litigation in state court. In fact, Ortega filed suit again in state court on October 25. Whether that suit can be maintained depends critically on the resolution of Ortega's 60(b) motion.
 
 
 5
 We have no cause to pass on the merits of Ortega's Rule 60(b) motion. "Such a motion contemplates the exercise of the district court's discretion." United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir.1982). Where, as here, the district court has not yet had an opportunity to exercise its discretion, the better course is to remand the case to the district court to allow it to address the motion in the first instance. Id. We do so here.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3