53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vathsala SRINIVASAN, Plaintiff-Appellant,
v.
DEVRY INSTITUTE OF TECHNOLOGY, Defendant-Appellee.
 No. 93-56413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided April 25, 1995.
 
 1
 IN PART, REVERSED AND VACATED IN PART.
 
 
 2
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER,* District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Appellant Vathsala Srinivasan appeals from the district court's denial of postjudgment motions arising from her Title VII claim against appellee DeVry Institute of Technology ("DeVry") for wrongful termination based on gender discrimination. Srinivasan alleges that the district court improperly granted summary judgment on the merits and erroneously denied her postjudgment motions to alter or amend summary judgment, to impeach witnesses, to vacate a contempt order, and to disqualify the magistrate judge. We find a lack of jurisdiction to consider the merits of the grant of summary judgment against Srinivasan. On the postjudgment motions, we vacate the contempt order and affirm the district court's denial of the remaining motions.
 
 I.
 
 5
 Srinivasan asserts that the district court improperly granted summary judgment in favor of DeVry. In February 1994, however, a Ninth Circuit motions panel ruled that this court's jurisdiction is limited to review of the district court's denial of the four postjudgment motions. Srinivasan v. DeVry Institute of Technology, No. 93-56413, Order of Feb. 11, 1994. Thus, we may only depart from this ruling if it is "clearly erroneous and would work a manifest injustice." Arizona v. California, 460 U.S. 605, 618 n.8 (1982); Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir. 1991).
 
 
 6
 The order, however, correctly found that we lack jurisdiction over the underlying judgment. Srinivasan did not file a notice of appeal until September 23, 1993, which did not meet the requirement that she file a notice within thirty days of the entry of judgment on June 23, 1993. Fed. R. App. P. 4(a)(1). Because the motions to alter or amend the judgment and to impeach witnesses were not timely, those motions did not toll the notice requirement. See Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir. 1984); Cel-A-Pak v. California Agricultural Labor Relations Bd., 680 F.2d 664, 666 (9th Cir.), cert. denied, 459 U.S. 1071 (1982).
 
 
 7
 Srinivasan's argument that there are "unique circumstances" to warrant jurisdiction fails. The unique circumstances doctrine is limited to instances in which the court gives a "specific assurance" that the motion was timely filed. Osterneck v. Ernst & Whitney, 489 U.S. 169, 179 (1989); In re Slimick, 928 F.2d 304, 310 (9th Cir. 1990). Because the district court's rescheduling order made no explicit assertions of a timely filing, the doctrine is inapplicable, even though the district court ruled on Srinivasan's motions on the merits. Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir. 1992). Thus, because the Rule 4(a) time limits are "mandatory and jurisdictional," we cannot review the district court's grant of summary judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978); Scott, 739 F.2d at 1466.
 
 II.
 
 8
 Because this court previously determined that the motion to alter or amend judgment was not timely, it held that this court's jurisdiction over the district court's denial of that motion arises only to the extent that it can be construed as a Rule 60(b) motion. Order of Feb. 11, 1994. We review the denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b) for an abuse of discretion. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).
 
 
 9
 Srinivasan alleges that the judgment should be set aside because (1) she has put forth evidence that she was replaced at DeVry by a male employee, that only male employees have been hired since her departure, that DeVry knew that she had filed EEO charges against previous employers, and that inconsistencies in statements by DeVry employees reveal a pretextual firing; (2) DeVry committed fraud and misconduct, such as perjured testimony, (3) legal theories of disparate impact and comparable worth provide bases for relief, or (4) it is appropriate to apply Rule 60(b)(6), which allows relief for "any other reason justifying relief from the operation of the judgment." We reject each of these arguments.
 
 
 10
 Srinivasan's argument that newly discovered evidence justifies relief under Rule 60(b)(2) is meritless. The purportedly new evidence does not constitute "newly discovered evidence" because the record reflects that Srinivasan possessed this information prior to the judgment on June 23, 1993. See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). In her motion to amend or alter judgment, Srinivasan stated that her source of information for the fact that she was replaced by a male professor was Exhibits B-H, which she received from DeVry on March 10, 1993. Similarly, she stated that she derived her conclusion that only male professors were hired from 1990 to 1992 from answers to interrogatories, which she received on March 15. She also stated that Ram Gayakwad of DeVry told her of DeVry's knowledge of her prior EEO charges on May 28, 1993. Finally, the alleged inconsistencies listed in Srinivasan's motion to impeach witnesses were available prior to judgment. Because she was in possession of this information prior to judgment, it did not constitute "newly discovered evidence." Coastal Transfer Co., 833 F.2d at 211; Mt. Graham Red Squirrel, 954 F.2d at 1463.
 
 
 11
 We also reject Srinivasan's claim that fraud or misconduct by DeVry justifies relief under Rule 60(b)(3). The potential basis for a fraud claim is the impeachment evidence provided in Srinivasan's separate "motion to impeach witnesses" and her general allegations that DeVry obstructed the discovery process. For Rule 60(b) purposes, fraud is construed narrowly and affords relief from judgment only if the "injured party is prevented from fairly presenting his claim ... or from introducing relevant or material evidence." Luttrell v. United States, 644 F.2d 1274, 1276 (9th Cir. 1981). Srinivasan, however, has not shown that DeVry deliberately withheld evidence, misrepresented crucial information, or engaged in other conduct that so prejudiced her case. Accordingly, we find no fraud or misconduct to justify relief from judgment under Rule 60(b).
 
 
 12
 Srinivasan's third ground for Rule 60(b) relief fails because the new theories of disparate impact and comparative worth are not proper bases for a Rule 60(b) motion. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (rejecting new argument as ground for relief under Rule 60(b)). In any event, because there is neither an allegation of a policy with a disparate impact on women nor a claim of unequal pay, neither legal theory has any merit in this context.
 
 
 13
 Finally, we reject Srinivasan's request for relief under Rule 60(b)(6), which allows reversal of the judgment for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). This provision applies "whenever such action is appropriate to accomplish justice." United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir. 1982). In addition, a party seeking to use this exception generally must show "extraordinary circumstances" entitling it to relief. Id.; Corex Corp. v. United States, 638 F.2d 119, 121 (9th Cir. 1981).
 
 
 14
 Srinivasan has not alleged any extraordinary circumstances by which to justify Rule 60(b)(6) relief, apart from her broad claim that the purportedly new information, regardless of whether it was "newly discovered," would have changed the outcome of the case. However, the evidence offered by Srinivasan in her motion would not have altered the outcome. Although Srinivasan now shows that she could have satisfied the fourth prong of the prima facie case of discriminatory discharge, replacement of the plaintiff by a person outside the protected class, she still has not satisfied the second prong, satisfactory work performance prior to termination. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994). In addition, Srinivasan still has not provided "specific, substantial evidence of pretext" necessary to overcome summary judgment. Id. at 890. Finally, Srinivasan's emphasis on the alleged lack of credibility arising from the inconsistencies in the testimony of Galyen and Ambrose would not support a finding that the outcome would have been different. Cf. Lindahl v. Air France, 930 F.2d 1434, 1438 (9th Cir. 1991) (finding that a party's expression of intent to challenge the credibility of witnesses does not establish pretext). Thus, Srinivasan has not shown extraordinary circumstances that warrant relief under Rule 60(b)(6).
 
 III.
 
 15
 Srinivasan also filed a "motion to impeach the witnesses," in which she argues that the court should impose sanctions on DeVry to reimburse her for additional costs incurred in seeking evidence necessitated by DeVry's misrepresentations in its pleadings and during discovery. Denial of discovery sanctions is reviewed for abuse of discretion. See Marchand v. Mercy Medical Ctr., 22 F.3d 933, 936 (9th Cir. 1994).
 
 
 16
 Although the court may impose costs and expenses for failure to disclose information or to admit the truth of a matter or the genuineness of a document, sanctions need not be imposed if the admission sought was of no substantial importance, the party had reasonable ground to believe it might prevail on the matter, or there was other good reason not to admit. Fed. R. Civ. P. 37(c)(1), (2). Of the nineteen asserted inconsistencies arising from DeVry's pleadings and discovery materials, all but two involve either statements not shown to be false, discrepancies on matters barely relevant to this case, statements on disputed issues of fact, or statements that did not amount to a failure to disclose or to admit.
 
 
 17
 Of the remaining two, sanctions were not required for the failure to list a particular female employee on a list of all employees because Srinivasan makes no allegation that the female professor in question, Dr. Vinita Mathur, would have provided relevant evidence. See Fed. R. Civ. P. 37(c)(1) (noting that harmless omissions do not result in the same sanctions). Likewise, the failure of Edgar Galyen to note that DeVry had added four male professors when asked about "significant" staffing changes had no effect on the case because it came after Srinivasan already had the information that revealed the hiring of male professors. See id. Accordingly, we find no abuse of discretion in the district court's denial of the sanctions sought in Srinivasan's "motion to impeach witnesses."
 
 IV.
 
 18
 Srinivasan also argues that the district court improperly refused to vacate the contempt order issued against her for failing to pay discovery sanctions. This court reviews a contempt order for abuse of discretion. In re Dual-Deck Video Cassette Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993). After denying Srinivasan's motion to compel inspection of records held by DeVry, the magistrate judge ordered Srinivasan to pay $750.00 to DeVry to cover its costs in defending the motion, because the motion was not "substantially justified." Fed. R. Civ. P. 37(a)(4). The district court upheld the grant of sanctions in July 1992.
 
 
 19
 This ruling was an abuse of discretion. Marchand, 22 F.3d at 936. Under Rule 37(a)(4), the court does not impose costs against a party whose discovery motion was denied if there is a showing that the motion was "substantially justified" or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(B). A discovery request is "substantially justified" if "reasonable people could differ as to whether the party requested must comply." Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982).
 
 
 20
 In this instance, Srinivasan was acting pro se in filing the discovery request. Not only should courts be reluctant to impose sanctions on pro se parties, but they should take pro se parties' lack of representation into account in assessing "substantial justification." See Hughes v. Rowe, 449 U.S. 5, 15 (1980); Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987) (noting that a grant of attorney fees in Title VII case against a pro se plaintiff should depend on ability to recognize the merits of the claims). We find that since the attorney who had inspected the DeVry records on behalf of Srinivasan was no longer representing her, it was reasonable for Srinivasan, as a pro se plaintiff, to believe that she had a right to inspect to documents on her own to assess them within the context of her own litigating strategy. In this instance, the circumstances made the award of sanctions unjust. See Fed. R. Civ. P. 37(a)(4)(B).
 
 
 21
 Thus, although the district court had the authority to hold a party in contempt for disobeying a specific court order, In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987), we vacate the contempt order because the underlying court order to pay costs to DeVry was not justified. In fact, DeVry indicated at oral argument that it had not sought imposition or collection of the sanctions and does not consider this a significant issue. Accordingly, we reverse the district court's denial of Srinivasan's motion and vacate the contempt order.
 
 V.
 
 22
 Srinivasan argues that the district court should have excluded the magistrate judge because of bias and prejudice against her. Under the relevant statutes, 28 U.S.C. Sec. 144; 28 U.S.C. Sec. 455, recusal is only warranted if the allegations of bias or prejudice arise from "extrajudicial" sources, not from the judge's performance while presiding over the case at issue. Duckworth v. Department of Navy, 974 F.2d 1140, 1142 (9th Cir. 1992); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). Because Srinivasan's allegations against Judge Groh arise solely from her perception that the magistrate was prejudiced against her throughout the proceedings, her claim is meritless. See Studley, 783 F.2d at 939; United States v. Sibla, 624 F.2d 864, 866-67 (9th Cir. 1980).
 
 CONCLUSION
 
 23
 We hold that we lack of jurisdiction to address the underlying grant of summary judgment. On the postjudgment motions, we affirm the district court's denial of the motions to alter or amend the judgment, to impeach witnesses, and to disqualify the magistrate judge. We reverse the denial of the motion on the contempt order and hereby vacate that order. Each party shall bear its own costs.
 
 
 24
 AFFIRMED IN PART, REVERSED AND VACATED IN PART.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3