103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty Dove WRIGHT, Plaintiff-Appellant,
v.
HOMESTAKE MINING COMPANY, Defendant-Appellee.
 No. 96-15330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 05, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Betty Dove Wright appeals pro se the district court's denial of her Fed.R.Civ.P. 60(b) motion to reopen her action brought under 42 U.S.C. § 1983 and 18 U.S.C. § 1961 against Homestake Mining Company. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's denial of a Rule 60(b) motion based on fraud. See Alexander v. Robertson, 882 F.2d 421, 423 (9th Cir.1989). "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991).
 
 
 4
 Wright contends that her 1991 action should be reopened because Dennis Bromley, defense counsel, defrauded the court by suggesting that Homestake Mining Company of California, a subsidiary of Homestake Mining Company, was the proper defendant to Wright's action. Wright contends that the district court improperly substituted Homestake Mining Company of California as the proper defendant to her action based on Bromley's suggestion.
 
 
 5
 Pursuant to Fed.R.Civ.P. 60(b)(3) the court may relieve a party from judgment on the basis of fraud if a motion is made within one year of the judgment. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Wright's 1995 Rule 60(b) motion is time-barred under subsection (3) because judgment was entered on November 7, 1991. See id.
 
 
 6
 However, Rule 60(b) also contains a "saving clause," not subject to the one-year limitation, which allows a party to bring an equitable action to set aside a judgment because of "fraud upon the court." Luttrell v. United States, 644 F.2d 1274, 1276 (9th Cir.1980). To constitute a "fraud upon the court" the alleged misconduct must "harm" the integrity of the judicial process. See Alexander, 882 F.2d at 424.
 
 
 7
 The district court did not dismiss Wright's action based on Bromley's suggestion regarding the proper defendant. The district court dismissed Wright's action based on Wright's failure to respond to the order to show cause why her action should not be dismissed. We affirmed the dismissal.
 
 
 8
 Notwithstanding Wright's insistence that, contrary to Bromley's suggestion, Homestake Mining Company was her intended defendant, Wright failed to show effective service of Homestake Mining Company. The district court denied Wright's motion for a default judgment against Homestake Mining Company based on lack of effective service. We affirmed the district court's denial of Wright's motion for default.
 
 
 9
 Bromley's suggestion regarding the proper defendant was not the basis of the district court's dismissal and did not "harm" the integrity of the judicial process. Wright, therefore, failed to show "fraud upon the court." See id.
 
 
 10
 Wright also failed to show "manifest injustice," and thus is not entitled to relief from judgment under Fed.R.Civ.P. 60(b)(6). See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 114 S.Ct. 60 (1993).
 
 
 11
 Accordingly, the district court did not abuse its discretion by denying Wright's motion for relief from judgment.
 
 
 12
 The appellee's request for double costs and attorney's fees pursuant to Fed.R.Civ.P. 38 is denied "without prejudice to the appellee [ ] requesting such an award of fees and costs in a separately filed motion." Gabor v. Frazer, 78 F.3d 459, 460 (9th Cir.1996). We deny Wright's request for Fed.R.Civ.P. 11 sanctions. See Partington v. Gedan, 923 F.2d 686, 688 (9th Cir.1991) (en banc) ("Rule 11 sanctions may no longer be imposed ... on appeal ...).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3