Christopher **MARTELLA**, Appellant,

v.

**MARINE COOKS & STEWARDS UNION, SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, et al.,** Appellees.

**Nos. 24578, 24579.**

United States Court of Appeals,
Ninth Circuit.

Sept. 13, 1971.

---

1. *Cf.* Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964).

**730**

Ernest E. Sanchez (argued), of Fleming, Robbins & Sanchez, Los Angeles, Cal., for appellant.

Jay A. Darwin (argued), of Darwin & Riordan, San Francisco, Cal., Dennis Daniels, San Francisco, Cal. (argued), for Matson Nav. Co.

Before KOELSCH, DUNIWAY and WRIGHT, Circuit Judges.

PER CURIAM:

The district court, following a hearing, dismissed this action for plaintiff's failure to comply with several orders of the court relating to pretrial matters. These orders were based upon various of the Federal Rules of Civil Procedure and local court rules. Plaintiff did not appeal nor pursue any procedure to reinstate the cause until some five months after the dismissal when he filed a motion, ostensibly under Rule 60(b) (6) Fed.R.Civ.P., to be relieved of the judgment. The district court denied him relief, hence this appeal.

In order to bring himself within the limited area of Rule 60(b) (6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). Plaintiff made no such showing.

Nor does the record reveal facts, or any fact, which would tend to show that plaintiff's failure to seek review was due to "excusable neglect," a ground for relief under Rule 60(b) (1). To the contrary, it discloses plaintiff's entire lack of diligence and attention to the matter.

60(b) motions are addressed to the sound discretion of the district court. Title v. United States, 263 F.2d 28 (9th Cir. 1959). As indicated above, denial of plaintiff's motion was well within that court's discretion. The judgment is therefore

Affirmed.