**COREX CORPORATION, d/b/a Quick Corporation of America, Plaintiff/Appellee,**

v.

**UNITED STATES of America, Defendant/Appellant.**

No. 78–3647.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1980. Decided Feb. 2, 1981.

Gilbert S. Rothenberg, Washington, D. C., argued, William A. Friedlander, Washington, D. C., on brief, for defendant-appellant.

Bernard B. Laven, Laven & Laven, Los Angeles, Cal., for plaintiff–appellee.

Before CHOY and WALLACE, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge:

The substantive issue in this case is whether appellee Corex Corp. (taxpayer) or the Jon H. Importing Company (Jon. H.) was the "importer" of certain fishing equipment during the last half of 1968 and all of 1969 and thus subject to pay the excise tax imposed under Section 4161 of the Internal Revenue Code, 26 U.S.C. § 4161. The district court's first judgment holding that Jon H. was the importer was reversed by a panel of this Court in *Corex Corp. v. United States*, 524 F.2d 1017 (9th Cir. 1975), *cert. denied*, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976) ("*Corex I*"). The underlying facts of the case were recited in *Corex I* and do not bear repeating here.

After this Court reversed the district court's first judgment in favor of the taxpayer, a flurry of confused and confusing motions and orders ensued. Taxpayer believed that this Court's unqualified reversal entitled it to a new trial at which it would present new evidence to support its claim that Jon H. was the importer. The government, of course, disputed this construction of the Court's mandate. The district court ordered the parties to seek clarification from this Court as to the mandate. This Court denied taxpayer's "Petition for Clarification" on August 20, 1976, and remanded the case to the district court with instructions to enter judgment in favor of the United States.

---

* The Honorable William C. Hanson, Senior United States District Court Judge for the Northern and Southern Districts of Iowa, sitting by designation.

The district court entered judgment for the government on November 12, 1976. Three days later taxpayer filed a motion for relief from judgment under F.R.Civ.P. 60(b)(6), claiming that "newly discovered evidence" justified the granting of a new trial. The district court mistakenly believed that leave from this Court was required before it could rule upon taxpayer's motion. Taxpayer petitioned this Court on behalf of the district court for permission to hear taxpayer's motion. On February 14, 1977, this Court denied the request, stating that there was nothing before the Court and that permission from this Court to hear such a motion was not necessary. *See Standard Oil Co. of California v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). Taxpayer then refiled its Rule 60(b)(6) motion, the district court granted it, and a new trial was held after which judgment for taxpayer was again entered. The issues on this appeal are (1) whether the district court abused its discretion in granting taxpayer's motion for relief from judgment and ordering a second trial in order to receive evidence of events occurring after the first trial; and (2) whether the district court erred by not following this Court's *Corex I* mandate.

■ 1. The government argues that taxpayer's motion for relief from judgment should have been considered a 60(b)(2) motion seeking relief because of "newly discovered evidence" and not a motion under 60(b)(6) for "any other reason justifying relief." Rule 60(b) states in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b) * * * (6) any other reason justifying relief form the operation of the judgment.

It is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule. Thus, in *Corn v. Guam Coral Co.*, 318 F.2d 622 (9th Cir. 1963), the appellant alleged that both clause (2) and clause (6) entitled him to relief from judgment. This Court, citing *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), rejected the claim for relief under clause (6): "[R]elief can be had under Rule 60(b)(6) only for reasons other than those enumerated in Rule 60(b)(1)–(5) . . . . [A]ppellants here have suggested no reason other than newly discovered evidence for relief from judgment." *Id.* at 632. Indeed, the language of clause (6) itself, referring to "any *other* reason justifying relief," seems to dictate such a result.

■ Similarly, in this case taxpayer invokes clause (6), but it has suggested no reason for relief from judgment other than newly discovered evidence. Taxpayer argues that clause (6) should be applied liberally, but the authorities indicate otherwise. Together, *Klapprott* and *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), hold that clause (6) is reserved for "extraordinary circumstances." *Id.* at 199, 71 S.Ct. at 212. This circuit has followed this view. *See Martella v. Marine Cooks & Stewards Union, Seafarer's Int. U.*, 448 F.2d 729, 730 (9th Cir. 1971). Because taxpayer has alleged no extraordinary circumstances entitling it to clause (6) relief, its motion seeking relief on the basis of newly discovered evidence must be reviewed as if it had been made under Rule 60(b)(2).

■ Cases construing "newly discovered evidence," either under 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules. *State of Washington v. United States*, 214 F.2d 33, 46 (9th Cir.), *cert. denied*, 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679 (1954); *United States v. Bransen*, 142 F.2d 232, 235 (9th Cir. 1944); *see generally* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2859 at 182. Yet this was precisely the kind of evidence proferred by taxpayer in support of its motion for relief from judgment—evidence of events occur-

ring after the first trial. Taxpayer claims that the evidence supported its argument that Jon H. was the entity subject to the excise tax. The argument is unavailing. The substantive issue in the case concerns the relationship between taxpayer and Jon H. in the years 1968 and 1969. The evidence offered in support of the motion for relief from judgment concerned the relationship between the two entities in 1976. The relationship between taxpayer and Jon H. may very well have evolved in subsequent years to the point where Jon H. is now in fact the importer for excise tax purposes, but such changed circumstances are irrelevant in the context of a suit for a tax refund for the years 1968 and 1969. Therefore, it was an abuse of discretion for the district court to grant taxpayer relief from judgment on the basis of evidence of after–occurring events. Such evidence is not "newly discovered evidence" within the meaning of Rule 60(b)(2), nor was the evidence relevant to the ultimate issue in the case.

■ 2. Furthermore, even if the district court did not abuse its discretion in granting relief from judgment and ordering a new trial, it erred by disregarding this Court's mandate in *Corex I*. At the second trial taxpayer introduced as "evidence" two Internal Revenue Service rulings dating from the 1950s and argued that those rulings were the law applicable to the question of who was the importer for excise tax purposes. It is clear that the district court ignored the law of the case that was established in *Corex I* and relied upon these rulings in reaching its conclusions of law. This was reversible error: "When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Firth v. United States*, 554 F.2d 990, 993 (9th Cir. 1977).

## CONCLUSION

The evidence offered by taxpayer in support of its motion for relief was not newly discovered evidence within the meaning of Rule 60(b)(2). It was an abuse of discretion for the district court to grant taxpayer's motion and order a new trial. The district court further erred by failing to apply the law of the case as established by this Court.

REVERSED AND REMANDED with instructions to enter judgment in favor of the United States.