**SHILEY, INC., Plaintiff,**

v.

**BENTLEY LABORATORIES, INC., Defendant.**

**BENTLEY LABORATORIES, INC., Counter-Claimant,**

v.

**SHILEY, INC., Counter-Defendant.**

**No. CV 81–3262 AWT.**

United States District Court, C.D. California.

Jan. 26, 1987.

John E. Kidd, Giddon D. Stern, Pennie & Edmonds, New York City, Don W. Martens, Darrell L. Olson, Knobbe, Martens, Olson & Bear, Newport Beach, Cal., for plaintiff.

Roy E. Hofer, Gary M. Ropski, Mark J. Buonaiuto, Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., Coe A. Bloomberg, Allan W. Jansen, Lyon & Lyon, Los Angeles, Cal., for defendant.

## ORDER ON RULE 60(b) MOTION

TASHIMA, District Judge.

This is defendant's renewed motion under F.R.Civ.P. 60(b), after affirmance of the judgment in favor of plaintiff on appeal. Extended discussion is unnecessary.

■ For the most part, the motion, its substance, the grounds therefor and the evidence in support thereof were fully considered—and rejected—by the court of appeals. *See Shiley, Inc. v. Bentley Laboratories, Inc.*, 794 F.2d 1561 (Fed.Cir.1986), *cert. denied*, ___ U.S. ___, 107 S.Ct. 1291, 94 L.Ed.2d 148 (1986). The Federal Circuit's determination of these issues is the law of the case and cannot be reconsidered by this Court. *Smith Int'l, Inc. v. Hughes Tool Co.*, 759 F.2d 1572 (Fed.Cir.), *cert. denied*, ___ U.S. ___, 106 S.Ct. 87, 88 L.Ed.2d 71 (1985); *Northern Helex Co. v. United States*, 634 F.2d 557, 560, 225 Ct.Cl. 194 (1980). Bentley's implicit suggestion

of "apparent error" on appeal does not alter or reduce applicability of the doctrine of law of the case. *Id.* (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895)). Further, in related litigation between the same parties, Judge Marshall has twice come to the same conclusion. *Shiley, Inc. v. American Bentley, Inc.*, No. CV 85-5106 CBM, Order Granting Pltf's. Motion to Strike (C.D.Cal. Sept. 3, 1986); Order Denying American Hospital Corporation and American Bentley, Inc.'s Motion for Summary Judgment and Granting Pfizer, Inc. and Shiley, Inc.'s Request to Preclude Litigation of Certain Issues at Trial (C.D.Cal. Jan. 13, 1987) (consolidated with *American Hospital Supply Corp., et al. v. Pfizer, Inc., et al.*, No. CV 86-513 CBM).

■ To the extent that defendant relies on "evidence" of plaintiff's supposed fraud not considered by the Federal Circuit, it is not "newly discovered evidence" within the meaning of F.R.Civ.P. 60(b)(2). Only evidence "that could not have been produced by due diligence during the trial or in time to move for a new trial under Rule 59(b), and that is not merely cumulative," *Smith Int'l*, 759 F.2d at 1578, qualifies as newly discovered evidence under Rule 60(b)(2).

■ Defendant relies on three bits of evidence. First, is that one of plaintiff's expert witnesses had tested defendant's bellows oxygenators prior to trial. Due diligence easily would have led to this evidence prior to trial, since defendant admits that it sent the prototypes to Ben Mitchell, the expert, for clinical testing in August 1984. The claim that plaintiff's personnel knew of the "improved" oxygenator with the bellows configuration is merely cumulative of defendant's claim presented to the Federal Circuit. *See* 794 F.2d at 1569. This new evidence only confirms that plaintiff knew something was in the works, but did not know precisely what it was. A rough, general description or a photograph is not sufficient to establish knowledge of infringement. Even defendant's officer, Raible, had to take apart the "new" BOS

and the BIO to make sure that there were no structural differences between them. Finally, counsel's argument in a brief, or legal memorandum, that "as plaintiffs [American Hospital and Bentley] contend ..." is not an admission and, thus, not evidence. It is absurd and frivolous to contend that when an attorney argues, in effect, that "even under my opponent's version of the facts ...," such argument is an admission. Moreover, since this "admission" is an event which occurred long after the trial, it does not qualify as newly discovered evidence under Rule 60(b)(2). *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir.1981).

█ Finally, even considering the evidence tendered on the merits, Bentley has fallen far short of showing by clear and convincing evidence that the verdict and judgment were obtained through fraud or misrepresentation. Bentley has not met its burden under Rule 60(b)(3) to "(1) prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct. (2) establish that the conduct complained of prevented the losing party from fully and fairly presenting his case or defense." *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir.1982). The evidence simply does not establish with the requisite degree of certainty that Shiley knew that Bentley had a bellows oxygenator ready for sale in November 1984, that it was a "current ongoing product." If Bentley's *current* contention of the then state of the facts with respect to the bellows oxygenator is correct, it is Bentley who has misled the Court. As both the Federal Circuit, 794 F.2d at 1569, and Judge Marshall (Order of Jan. 13, 1987 at 3 & 4) have noted, Bentley clearly implied that no bellows-type device was being made at the time trial commenced, but that one might be made in the future. Bentley should now be estopped from changing its position.

IT IS ORDERED that defendant's Rule 60(b) motion for relief from judgment based on Shiley's fraud is DENIED.