892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sarah BATIE, Plaintiff-Appellant,
v.
STEAMSHIP M/V STARDANCER, et al., Defendant-Appellee.
 No. 89-35387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1989.
Decided Dec. 26, 1989.
 
 Before WALLACE, PREGERSON, and NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 SUMMARY
 
 2
 Sarah Batie ("Appellant") brought suit in a Washington State district court against Steamship M/V Stardancer ("appellee"), a cruise ship on which appellant was a passenger, and against Admiral Cruises, Inc. ("appellee"), the corporation that sold appellant her cruise ticket. The district court dismissed the complaint for lack of jurisdiction over the defendants. After the deadline for appealing the decision had passed, appellant brought a motion for relief from the order pursuant to Fed.R.Civ.P. 60(b)(6). The district court denied the motion. Appellant now appeals that denial.
 
 
 3
 We affirm the district court's order denying the motion for relief under Fed.R.Civ.P. 60(b)(6). No appeal of the original order was sought by appellant. Nor has appellant shown any extraordinary circumstances that would require vacating the original court order dismissing the suit despite the fact that no appeal was pursued. It is clear that under Ninth Circuit law, absent such a showing, there is no relief under Fed.R.Civ.P. 60(b).
 
 FACTS
 
 4
 Appellant filed her complaint against appellees on June 25, 1987. She alleged that during a cruise on the Steamship M/V Stardancer in March and April of 1987, she was assaulted, battered, sexually harassed, sexually molested, kidnapped, and raped by a member of the ship's crew. As a result, she argued, appellees were liable for failing to maintain the ship in a safe condition, failing to warn appellant of its unsafe condition, and failing to provide appellant with adequate medical care.
 
 
 5
 The cruise was from San Pedro, California to Mexico, and back to San Pedro. Appellant had purchased her ticket in Washington. Appellees did not have any offices in Washington, nor did they normally conduct business or begin cruises from there. Their contacts were primarily in California and Florida. On December 9, 1988, the district court dismissed the complaint for lack of in personam or in rem jurisdiction over appellees, "without prejudice to bring this action in another forum." The court found that absent arrest or seizure of the ship in Washington, the court had no jurisdiction over it.
 
 
 6
 Appellant did not appeal this order within the 30 days required by F.R.A.P. 4, but instead, on March 8, 1989, filed a motion for relief under Fed.R.Civ.P. 60(b)(6), which allows courts to vacate final orders and judgments for "any other reason justifying relief from the operation of the judgment" not mentioned in parts (1) through (5). Appellant maintained that unless the court transferred the claim to California or Florida, appellant might be barred by the California statute of limitations, or by a provision on the cruise ticket that barred claims for personal injuries filed more than a year after the incident.
 
 
 7
 On April 20, 1989, the district court denied the motion. It found that appellant failed to show extraordinary circumstances that would justify overturning the judgment. Appellant timely appeals.
 
 STANDARD OF REVIEW
 
 8
 The district court order denying relief under Fed.R.Civ.P. 60(b)(6) is reviewed for abuse of discretion. Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986). The only reviewable issue on appeal is the correctness of the order, and not the correctness of the underlying judgment. Id.; Lafarge Conseils et Etudes v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334 (9th Cir.1986). A trial court is said to have abused its discretion when the reviewing court has a "definite and firm conviction that the [trial court] committed a clear error of judgment in the conclusion it reached." Abatti v. C.I.R., 859 F.2d 115, 117 (9th Cir.1988).
 
 ANALYSIS
 
 9
 Appellant argues that Fed.R.Civ.P. 60(b) was intended to be liberally construed to allow cases to be tried on their merits, whenever possible, rather than being dispensed with on procedural grounds, and that "the rules are to be construed to achieve the just determination of avery action," quoting Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983). Appellant maintains that she is being deprived of her right to her day in court merely because she chose the wrong forum when she initially filed suit.
 
 
 10
 We find this argument to be meritless. A party that makes a calculated, deliberate, free choice not to appeal a court order cannot seek relief under Fed.R.Civ.P. 60(b) when it becomes apparent in hindsight that the decision not to appeal was wrong. Ackermann v. United States, 340 U.S. 193, 198 (1950). Otherwise, litigants could "circumvent the appeals process and [allowing such tactics] would undermine greatly the policies supporting finality of judgments." Plotkin v. Pacific Tel. and Tel. Co., 688 F.2d 1291 (9th Cir.1982). The relief available under Fed.R.Civ.P. 60(b) is not meant to be a substitute for an appeal. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338 (9th Cir.1981).
 
 
 11
 Therefore, a motion for relief under Fed.R.Civ.P. 60(b)(6) requires that the party "establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir.1971), cert. denied, 405 U.S. 974 (1972), citing Klapprott v. United States, 335 U.S. 601 (1949). Because Fed.R.Civ.P. 60(b)(6) and clauses (1) through (5) are mutually exclusive, Corex Corp. v. United States, 638 F.2d 119, 121 (9th Cir.1980), an extraordinary circumstances must be something other than what constitutes grounds for relief under clauses (1) through (5) (which includes, in part, mistake, excusable neglect, and newly discovered evidence). See id.
 
 
 12
 Appellant fails completely to establish extraordinary circumstances that prevented a timely challenge to the court order dismissing the complaint. The fact that the cruise ticket might contain language barring personal injury actions brought more than a year after the injury occurred, and the fact that California's statute of limitations might bar an action there do not, by themselves, constitute extraordinary circumstances. Appellant made no showing that this information was not available to her at a time when she could have timely appealed the court order.
 
 
 13
 Further, even if we construed appellant's motion as seeking relief under other Rule 60(b) provisions, belatedly realizing that a statute of limitations might apply is not "mistake, inadvertance, surprise, or excusable neglect" under Rule 60(b)(1). See Whale v. United States, 792 F.2d 951, 953 (9th Cir.1986) (where failure of the appellant's counsel to "pay attention" to a rule of civil procedure did not constitute justifiable excuse for allowing relief under Rule 60(b)(1)). And discovering that appellant's cruise ticket contains a statute of limitations is not "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2). Appellant makes no argument that the ticket was not available to her and her counsel earlier.
 
 
 14
 We decline double costs and attorneys' fees.
 
 
 15
 The district court judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3