Donald D. BAILEY and Sandra M. Bailey, Plaintiffs,

v.

UNITED STATES of America, Defendants.

No. CIV 05–310–TUC–CKJ.

United States District Court, D. Arizona.

Feb. 12, 2008.

Gregory A. Robinson, Farley Robinson & Larsen, Phoenix, AZ, for Plaintiffs.

Jennifer A. Giaimo, John B. Snyder, III, Amy Talburt Matchison, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendants.

## ORDER

CINDY K. JORGENSON, District Judge.

Pending before the Court is Plaintiffs' Motion for New Trial [Doc. # 102]. The government has filed a response and Plaintiffs have filed a reply. Additionally, the government has filed a Motion to Strike [Doc. # 108].

*Motion to Strike*

On October 18, 2007, this Court ordered that Plaintiffs Donald D. Bailey ("Bailey") and Sandra M. Bailey (collectively, "the Baileys") file their Motion for New Trial on or before December 28, 2007. The Baileys filed their Motion for New Trial on December 27, 2007. Asserting they had not received the material in time to be filed with the motion, the Baileys filed an Amended Affidavit and additional material in support of their motion on January 16, 2008.

The government asserts that, even though the Baileys admit they received the documents on December 30, 2007, the Baileys do not offer any explanation why the documents were not submitted until two weeks later. Furthermore, the government contends that the Baileys have not presented any reason why the material could not have been obtained more timely. The government also asserts that the material contains inadmissible hearsay and is not relevant. Therefore, the government requests that the Court strike the Amended Affidavit and its supporting exhibits [Doc. # 107]. The Court finds that any prejudice to Defendant is minimal and will deny the motion to strike.

*Motion for New Trial*

This matter proceeded to trial before the Court on June 14, 2007. On August 8, 2007, this Court issued its findings of fact and conclusions of law. The Court concluded that the Baileys were not entitled to a refund for tax year 1992. Plaintiffs assert that they are entitled to a new trial because of misconduct by the government, because the govern-

ment relied on the perjured testimony of Internal Revenue Service ("IRS") Agent Lori Hale ("Hale"), because the IRS produced false documents, and because of misconduct by the Baileys' attorney (failure to discover false testimony and false documents).

■■■ The government asserts that the Baileys' motion is untimely under Fed. R.Civ.P. 59(b). Fed.R.Civ.P. 6(b) explicitly states that a district court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e) and 60(b), except to the extent and under the conditions stated in them." Fed.R.Civ.P. 59(b) states no exception to the ten-day limitation. Therefore, this Court had no discretion to grant the Baileys' motions for extensions of time. *See Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir.1984) (ten-day time period "is jurisdictional and cannot be extended by the court"); *see also Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir.1988) (ten-day time period is to be strictly construed). This Court has no authority to grant the Baileys' Motion for New Trial. The Court, therefore, will construe the Baileys' motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b). *See e.g., Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463 & n. 35 (9th Cir.1992).

*Motion for Relief from Judgment*

A court may relieve a party from a final judgment for numerous reasons, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or ... (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). A party seeking relief from the judgment has the burden of demonstrating such relief is appropriate. *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691 (9th Cir.2001). In determining whether relief from the judgment is appropriate, a court must balance the interest of litigants and courts in the finality of judg-

ment with the overriding judicial goal of deciding a case on the basis of its legal and factual merits. *Id.*

*Mistake, Inadvertence, Surprise, or Excusable Neglect*

Relief from a judgment for mistake, inadvertence, surprise, or excusable neglect may include "cases of negligence, carelessness and inadvertent mistake." *Bateman v. United States Postal Service*, 231 F.3d 1220, 1224 (9th Cir.2000). The determination of "whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223–24; *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

■ The Baileys assert that the misconduct of their attorney, i.e., his failure to discover false testimony and false documents warrants relief. However, as a general rule, "parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Pioneer*, 507 U.S. at 397, 113 S.Ct. 1489. Indeed, parties are to be held responsible for the acts and omissions of their chosen counsel and "attorney error is insufficient grounds for relief under ... Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir.1997). Generally, carelessness and ignorance on the part of the litigant or his attorney is not the type of excusable neglect contemplated by Fed.R.Civ.P. 60(b). *See Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043–44 (9th Cir.1992).

■ The Baileys appear to be arguing that expert witness Jon D. Hermanson ("Hermanson") should have been provided an opportunity to review Hale's calculations prior to trial and present testimony disputing that the $42,000 returned to Comtec on January 9, 1992, had been netted into the calculation. In other words, by failing to have Hermanson review appropriate documents, counsel

had failed to discover the alleged perjury and false documents. Hermanson testified at trial that the Baileys were entitled to credit for the $42,000, but was not able to offer an opinion on whether Hale had considered the $42,000 in her calculation. In determining whether an attorney's omission or mistake constitutes "excusable neglect," the Court is to evaluate the circumstances of the case in light of the *Pioneer* factors. *Pincay v. Andrews,* 389 F.3d 853, 859 (9th Cir.2004). However, *Pincay* involved a procedural mistake by counsel (misreading of rule governing time limits for filing notice of appeal). Here, the alleged mistake involves a trial strategy, including appropriate evidence, presented by counsel. The Baileys have not presented any authority that consideration of the *Pioneer* factors is appropriate in such circumstances. Indeed, generally a party is not entitled to a new trial based on incompetent representation. 35B CJS Federal Civil Procedure § 1050; *MacCuish v. United States,* 844 F.2d 733 (10th Cir.1988).

Nonetheless, the Court will consider the *Pioneer* factors. In this case, the danger to the opposing party is great. *See e.g., Hernandez v. City of El Monte,* 138 F.3d 393, 400–401 (9th Cir.1998) (absent a non-frivolous explanation, prejudice to the opposing party may be presumed). The government has already presented its case at trial and the Baileys are requesting that the procedure be repeated. However, the Baileys immediately raised their concerns after the proceedings concluded and filed their motion shortly after receiving a transcript of the proceedings. As to the factor of whether the Baileys are acting in bad faith, the Court considers that the Baileys have consistently failed to timely present all documentation in support of their claims (e.g., after criminal conviction, the Baileys then presented the claim of credit for the $42,000; failure to present all documentation to Hale at initial meeting).

Additionally, the Court considers that the Baileys have not presented any reason for counsel's failure to present the proposed testimony at trial. Indeed, the Baileys have not shown that Hale perjured herself or falsified any documents. Rather, Hale's trial testimony established that credit for the $42,000 was netted out as January income in the spreadsheet she had prepared.[1] Specifically, Hale's spreadsheet includes "Comtex (sic) disputed income" of $25,000. Bailey's Amended Affidavit, Ex. 6. During his trial testimony, Bailey testified that the fee agreed upon with Comtec was to be $25,000 plus an additional $5,000. June 14, 2007, Transcript, p. 65, ll. 13–15. Hale's testimony reflects that she accepted Bailey's statement as to what the amount of income he ended up receiving from Comtec was:

Q [Ms. Matchison]: Now, did Mr. Bailey retain all that income be received from Comtec?

A [Hale]: No, he did not.

Q: And why not, do you know?

A: There was a dispute. He never gave me any particulars about it, and I didn't push him on that. He received 62,300 I believe, and I think within three weeks he paid back 42,000.

Q: So did Mr. Bailey indicate what amount of income he wound up receiving from Comtec?

A: I asked him that repeatedly, and he said $25,000.

Q: And what—what did you do with that information?

A: Well, I—it was included in the spread sheet and the report I issued to him.

Q: And what did you—how did that—that third meeting conclude?

A: The third meeting I—is when I decided I was going to do my own spread sheet, because he kept saying this was wrong, that was wrong, this was wrong. So I thought I will sit down and put five source documents together myself, and prove to myself and him that this income was—or that there was unreported income.

*Id.,* p. 113, ll 16–25–p. 114, ll. 12. Hales's subsequent conclusions and calculations, including Form 4549, resulted from the ac-

---

1. Hale testified that, in preparing the spreadsheet, she considered the bank statements, invoices, a tape provided by the Baileys, the income summary prepared by Carroll, and Bailey's summary.

counting set forth in her spreadsheet. The Baileys have failed to present any evidence that disputes the calculations of Hale's spreadsheet. Hermanson's conclusion that he could not find where Hale had "netted" the $42,000 does not address the undisputed Comtec income of $25,000 that was included in Hale's spreadsheet. Additionally, counsel had cross-examined Hale and sought to show the Court how her calculation of the tax documents was not appropriate. In fact, Baileys' counsel questioned Hale regarding Agent John Carroll's calculations. Counsel further attacked the presumptive correctness of Hale's report during cross-examination. Additionally, counsel presented testimony from Hermanson disputing the appropriateness of Hale's calculations. The Baileys are attempting to attack the same evidence attacked by counsel during trial. The parties have had an opportunity to present their facts and arguments to the Court and Defendant would be prejudiced by a finding that excusable neglect warrants setting aside the verdict. All circumstances should be examined to determine excusable neglect. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382, n. 2 (9th Cir.1997). That the Baileys now believe additional attacks regarding Hale's calculations, Carroll, and Agent Sigrid Settle are appropriate does not change the fact that counsel attacked Hale's calculations at trial.

Considering all of the circumstances, including counsel's attack on Hale's calculations, the Court finds that the Baileys have failed to show that counsel's alleged mistake was excusable neglect. The Baileys are not entitled to relief pursuant to Fed.R.Civ.P. 60(b)(1).

*Newly Discovered Evidence*

■ To establish that newly discovered evidence warrants setting aside the judgment, the Baileys must show that the evidence was found after final judgment was entered, the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage, and the newly discovered evidence is of such magnitude that production of it earlier would likely have

changed the outcome of the case. *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992–93 (9th Cir.2001), *citing Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir.2000). In this case, the Baileys have made no showing that the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage. Indeed, the Baileys' argument that their attorney should have found the evidence belies any claim that the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage. Further, the newly discovered evidence is not of such magnitude that production of it earlier would have likely changed the outcome of the case.

*Fraud, Misrepresentation, or Other Misconduct of an Adverse Party*

■ The Baileys assert that Hale perjured herself and falsified documents regarding the Baileys' 1992 amended tax return. They assert that their rights under the due process clause of the Fifth and Fourteenth Amendments were violated by the perjured testimony and false documents. The Baileys must show by clear and convincing evidence that the judgment resulted from "fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.2000), *citations omitted.* The purpose of Rule 60(b)(3) "is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hospital*, 46 F.3d 492, 496 (5th Cir. 1995). A judgment should be set aside under Rule 60(b)(3), and a new trial granted, if "evidence establishes that a party willfully perjured himself, and thereby prevented the opposition from fully and fairly presenting its case." *Id.*, 46 F.3d at 497. However, Rule 60(b)(3) is not to reward the "lazy litigant who did not adequately investigate his or her case, or who did not vigorously cross-examine a witness." 12 James Wm. Moore, Moore's Federal Practice, ¶ 60.43[1][c] (3d ed.1998).

As previously discussed, the Baileys have not presented any evidence or sufficient argument to establish that Hale willfully perjured herself or prepared false documents. Moreover, the admissions contained within Form 4549 support a conclusion that Hale did not falsify any documents.[2] The Baileys have simply failed to show any misconduct by Hale. The Baileys have failed to show by clear and convincing evidence that the judgment was unfairly obtained.

For Fed.R.Civ.P. 60(b)(3) purposes, fraud is construed narrowly and affords relief from judgment only if the "injured party is prevented from fairly presenting his claim ... or from introducing relevant or material evidence." *Luttrell v. United States,* 644 F.2d 1274, 1276 (9th Cir.1980). The Baileys have not shown that the government, or Hale, deliberately withheld evidence, misrepresented crucial information, or engaged in other conduct that prejudiced their case. Rather, the parties simply disagreed on the appropriate manner in calculating the Bailey's taxes.

*Any Other Reason Justifying Relief From the Judgment*

A district court may vacate a judgment pursuant to Fed.R.Civ.P. 60(b)(6) "whenever such action is appropriate to accomplish justice." *United States v. Sparks,* 685 F.2d 1128, 1130 (9th Cir.1982). However, relief under Fed.R.Civ.P. 60(b)(6) is warranted only if "extraordinary circumstances" exist. *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Ackermann v. United States,* 340 U.S. 193, 199–201, 71 S.Ct. 209, 212–13, 95 L.Ed. 207 (1950). Indeed, a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Community Dental Services v. Tani,* 282 F.3d 1164, 1168 (9th Cir.2002), *quoting Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971) (per curiam). "This rule 'has

been used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Fantasyland Video, Inc. v. County of San Diego,* 505 F.3d 996, 1005 (9th Cir.2007), *quoting United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement,* 791 F.2d 1334, 1338 (9th Cir.1986), *quoting Corex Corp. v. United States,* 638 F.2d 119 (9th Cir.1981). In other words, a Rule 60(b)(6) motion "must be based on grounds other than those listed in the preceding clauses." *Id.*

The Baileys' claims for relief are on grounds included within preceding clauses of Fed.R.Civ.P. 60(b). Therefore, no Fed. R.Civ.P. 60(b)(6) relief is available.

Accordingly, IT IS ORDERED:

1. The Motion to Strike [Doc. # 108] is DENIED.

2. The Motion for New Trial, construed as a motion for relief under Fed.R.Civ.P. 60(b), is DENIED.

3. The stay of proceedings to enforce the judgment[3] in this matter is VACATED.

---

**2.** The Court notes that the Baileys assert that Form 4549 does not constitute an admission. This argument was presented during trial and the Court does not find any basis to reconsider its determination that it constitutes an admission.

**3.** An Amended Judgment including costs and fees was docketed on November 20, 2007.