**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: NATIVE ENERGY FARMS, LLC, <br><br> _____ <br><br> COASTAL BAND OF THE CHUMASH NATION, <br><br>       Appellant, <br><br> v. <br><br> NATIVE ENERGY FARMS, LLC, <br><br>       Appellee. | No. 17-15725 <br><br> D.C. No. 2:16-cv-00843-JCM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 11, 2018[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In August 2014, Native Energy Farms, LLC ("Native Energy") sought an order to quiet title and for declaratory relief in the Bankruptcy Court for the District of Nevada to obtain "absolute title free from all claims, interest and restrictions" on a 78-acre parcel of land in Goleta, California. The Coastal Band of the Chumash Nation ("CBCN") allegedly granted the parcel to the Southern Chumash Owl Clan in April 2013, and Native Energy purchased it in October 2013. The clerk entered a final default judgment in November 2014. In May 2015, the Bankruptcy Court granted Native Energy's motion for summary judgment quieting title in the land. CBCN filed a motion to set aside the default judgment and order granting the motion for summary judgment quieting title in the land. The Bankruptcy Court denied the motion, and the United States District Court for the District of Nevada affirmed the judgment. On appeal, CBCN argues that the Bankruptcy Court erred by not setting aside the judgment under Rules 60(b)(1), (3), (4), and (6); and by applying laches. We disagree.

"We review the district court's decision on appeal from a bankruptcy court de novo. We independently review the bankruptcy court's decision and do not give deference to the district court's determinations." *In re Saxman*, 325 F.3d 1168, 1172 (9th Cir. 2003) (internal quotation marks and citations omitted). We review Rule 60(b) motions for relief from judgment for abuse of discretion. *Casey*

*v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). However, we review *de novo* whether a judgment is void under Rule 60(b)(4). *Fid. Nat. Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015). To determine whether the court abused its discretion in analyzing Rule 60(b), we consider "whether the trial court identified the correct legal rule to apply to the relief requested"; and "whether the trial court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011) (quoting *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)).

**1.** The Bankruptcy Court did not abuse its discretion by denying CBCN's motion for relief under Rule 60(b)(1), which allows a court to set aside a judgment based on "excusable neglect." To determine whether the judgment should be set aside under Rule 60(b)(1), we weigh: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

As for the first factor, the record supported the Bankruptcy Court's finding that Native Energy would be prejudiced. As for the second factor, the court found that CBCN was aware of the proceedings and waited eight months to file suit, which is a significant delay. *Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) (finding a delay "substantial" when the movant did not "contact the district court until 64 days after the court's deadline"). As the Bankruptcy Court determined, "[s]etting aside the judgment quieting title on [Native Energy's] primary asset would require the Court to revisit over a year's worth of case administration and activities."

As for the third factor, the Bankruptcy Court found that "[t]he record evidence at trial, and certainly the preponderance of the evidence in the record here," showed that CBCN's "decision not to participate in the adversary proceeding at all . . . was within CBCN's reasonable control." Lastly, the fourth factor was "neutral in the calculus or weigh[ed] only slightly in favor" of CBCN because CBCN did not act in bad faith. The court's analysis of the four factors is supported by the record and is neither illogical nor implausible. The Bankruptcy Court did not abuse its discretion by denying CBCN's motion for relief based on Rule 60(b)(1).

**2.** The Bankruptcy Court did not abuse its discretion by denying CBCN's motion for relief under Rule 60(b)(3), which allows a court to set aside a judgment based on fraud. CBCN's only allegation of fraud is that Native Energy knew the transfer from CBCN to Southern Chumash Owl Clam "was not a valid execution of the Grant deed." To establish fraud upon the court, "the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). There is no evidence that Native Energy's actions prevented CBCN from presenting its case, or that Native Energy intended to deceive CBCN or the court. *See In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987) (finding the movant did not establish fraud on the court because she did not show that the defendants' misrepresentations "prevented her from discovering [the truth] . . . or from presenting her case" or that the "misrepresentations had been made with the intent to deceive [her] or her counsel"). CBCN's decision not to respond to the summary judgment motion—despite being properly served and aware of its existence—is what precluded it from presenting its case, not any fraud by Native

5

Energy. Thus the court did not abuse its discretion by denying CBCN's motion for relief under Rule 60(b)(3).

3. The Bankruptcy Court did not err by denying CBCN's motion for relief under Rule 60(b)(4), which allows the court to set aside a judgment if it is "void." "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). CBCN argues it was deprived of due process because it did not have notice of the suit and because the court limited discovery, which left it "unable to develop and prove its claim of fraud." But CBCN provided no evidence of fraud and thus did not establish how the discovery limitations deprived it of due process. In addition, Native Energy completed service of process to the proper address, and CBCN concedes that it had actual notice of the suit. Thus, it had a full and fair opportunity to develop its case and present evidence. The Bankruptcy Court did not err in finding CBCN was not deprived of due process and that the judgment was not void under Rule 60(b)(4).

4. The Bankruptcy Court did not abuse its discretion by denying CBCN's motion for relief under Rule 60(b)(6), which allows a judgment to be set aide for "any other reason that justifies relief." "A party seeking to re-open a case under

6

Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.'" *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)). In addition, the motion "must be based on grounds other than those listed in the preceding clauses" of Rule 60(b) and is "reserved for 'extraordinary circumstances.'" *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981)). CBCN brought the same allegations of fraud and service under Rule 60(b)(6) that it did under the other Rule 60(b) clauses. Regardless, no extraordinary circumstances prevented it from responding to the entry of default or summary judgment proceedings. The Bankruptcy Court did not abuse its discretion in denying CBCN's Rule 60(b)(6) motion.

**5.** Lastly, CBCN argues the court abused its discretion by applying laches. First, there is no indication that the bankruptcy court relied on laches when reaching its decision. Regardless, even if it did, it was not an abuse of discretion. "The defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *State of Kan. v. State of Colo.*, 514 U.S. 673, 687 (1995) (quoting *Costello v.*

*United States*, 365 U.S. 265, 282 (1961)).  CBCN was not diligent in pursuing its case, and Native Energy would be prejudiced by the delay.

The judgment of the District Court is **AFFIRMED**.