NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

U.S. SECURITIES & EXCHANGE
COMMISSION,

Plaintiff-Appellee,

v.

BERKELEY HEALTHCARE DYNAMICS,
LLC,

Defendant-Appellant,

_____

SUSAN L. UECKER,

Receiver-Appellee.

No. 20-16754

D.C. No. 3:17-cv-00223-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted October 21, 2021
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,** International
Trade Judge. Concurrence by Judge BAKER.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

Berkeley Healthcare Dynamics, Inc. ("BHD") was named as a relief defendant in this securities fraud action by the Securities and Exchange Commission against Thomas Henderson. After a consent judgment was entered against Henderson, the SEC sought disgorgement from BHD of funds traceable to the fraud. The district court entered a summary judgment ordering disgorgement, and BHD did not appeal.

A year after the judgment was entered, the Supreme Court decided *Liu v. SEC*, 140 S. Ct. 1936 (2020). BHD then moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), arguing that *Liu* required deduction of BHD's legitimate expenses from the disgorgement order. The district court denied the motion, and this time BHD appealed.

The sole issue for decision is whether *Liu* changed the law governing the disgorgement order and therefore was an extraordinary circumstance requiring reopening of a final judgment. *See Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Like the district court, we conclude that *Liu* did not change the governing law and affirm the denial of the Rule 60(b)(6) motion.

1. We have long distinguished between "primary wrongdoers" and "relief defendants" in addressing disgorgement under the securities laws. A primary wrongdoer is one who obtained ill-gotten gains through violation of the securities laws. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir.

2010). Prior to *Liu*, we permitted disgorgement by a wrongdoer of the entire amount obtained through conduct forbidden by the securities statutes, reduced only by amounts already paid back to investors. *See SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1114 (9th Cir. 2006). *Liu* expressly rejected that standard, requiring that a disgorgement award under 15 U.S.C. § 78u(d)(5) "not exceed a wrongdoer's net profits," 140 S. Ct. at 1940, and that therefore "courts must deduct legitimate expenses before ordering disgorgement," *id.* at 1950. *Liu* plainly changed our existing caselaw governing disgorgement by primary wrongdoers. *See, e.g.*, *SEC v. Yang*, 824 F. App'x 445, 447 (9th Cir. 2020) (remanding disgorgement order against primary wrongdoers for further consideration in light of *Liu*).

2. In contrast to a primary wrongdoer, a relief or nominal defendant "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (cleaned up). Under Ninth Circuit precedent, to obtain disgorgement against a relief defendant, a "plaintiff must show that the nominal defendant has received ill gotten funds *and* that he does not have a legitimate claim to those funds." *Id.* at 677. A "lack of a legitimate claim to the funds is the defining element of a nominal defendant." *Id.* Thus, disgorgement cannot be ordered if the relief defendant received the funds as "compensation in return for services rendered." *SEC v. Ross*, 504 F.3d 1130,

3

1142 (9th Cir. 2007).[1]

3. *Liu* did not override our existing case law concerning disgorgement by relief defendants. *See Miller v. Gammie*, 335 F.3d 889, 893 (2003) (en banc) (requiring three-judge panel to follow Ninth Circuit precedent unless "clearly irreconcilable" with intervening Supreme Court opinion). *Liu* did not involve a relief defendant, nor did the Court state that its holding applies to relief defendants. *See* 140 S. Ct. 1936. Moreover, *Liu* focused on disgorgement of "profit." *Id.* at 1940. Under our caselaw, a relief defendant is not required to disgorge "profits," but instead only funds not received in exchange for consideration. *See Ross*, 504 F.3d at 1142. This approach provides stronger protection to relief defendants (who need not disgorge any funds to which they have a "legitimate claim") than *Liu* provides for primary wrongdoers (who must disgorge *all* profits less legitimate expenses). More importantly, our approach is consistent with the equitable principle emphasized in *Liu* that a remedy should be designed to restore the status quo and avoid being transformed into a penalty. *Liu*, 140 S. Ct. at 1943–44.

4. Although BHD argues that it had a legitimate claim to the funds that were the subject of the disgorgement order, that issue was directly addressed by the district

---

[1] Several of our sister circuits have similar standards for disgorgement against relief defendants. *See SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991); *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998); *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 192 (4th Cir. 2002).

4

court in its summary judgment order, which was not appealed. BHD's dissatisfaction with that factual finding is not a basis for relief from judgment under Rule 60(b)(6).

**AFFIRMED.**



FILED

JAN 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAKER, Judge, concurring:

In my view, it is unnecessary to decide whether *Liu v. SEC*, 140 S. Ct. 1936 (2000), applies to relief defendants such as Berkeley Healthcare Dynamics, because even if it does, in these circumstances it does not represent a change in the law for purposes of Federal Rule of Civil Procedure 60(b)(6).

When the district court summarily overruled Berkeley's objections to the disgorgement of legitimate business expenses in 2019 without citation to any authority,[1] Berkeley could have appealed. It did not do so.

Failure to appeal would be excusable, and *Liu* might then represent a change in the law for Rule 60(b)(6) purposes, if Berkeley could point to then-existing circuit precedent that squarely foreclosed its defense as a relief defendant to disgorgement of the expenses at issue. But Berkeley has identified no such precedent,[2] and I am unable to locate any. At the time of the district court's decision, it appears to have been at least an open question in this circuit whether a relief defendant that incurs

---

[1] The district court's cryptic explanation for ordering disgorgement of the expenses was as follows: "Intervenors argue some of those monies were appropriately paid from NA3PL, LLC (the warehouse tenant) to BHD, LLC (the landlord), to reimburse it for various expenses it had incurred that were actually the tenant's responsibility under the lease. Intervenors have not shown, however, that there is any factual dispute that those funds came from and/or were commingled with misdirected investor funds, and therefore are subject to disgorgement." 2-ER-82–83.

[2] Berkeley asserts—without citation to any authority—that it "indisputably lacked a well-founded legal ground upon which it could seek an appeal of the partial summary judgment." Reply Br. at 24.

legitimate business expenses has a "legitimate claim" to those funds. *See SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) (relief defendants are subject to disgorgement of ill-gotten funds to which they do not have a "legitimate claim"). Thus, Berkeley might have prevailed on appeal, and *Liu*—even if it means what Berkeley says it means—therefore represents no change in controlling law for Rule 60(b)(6) purposes.

Because circuit precedent did not squarely foreclose its defense against disgorgement of legitimate business expenses as a relief defendant, Berkeley cannot now employ Rule 60(b)(6) as a substitute for an appeal on that issue, even if *Liu*'s holding applies to relief defendants. *Cf. GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 374 (6th Cir. 2007) (Sutton, J.) ("This is not a case, in short, in which the appellant chose not to challenge a controlling proposition of Sixth Circuit law—only to learn after the appeal that the Supreme Court had chosen to reverse that controlling authority."); *see also Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) ("In order to bring himself within the limited area of Rule 60(b)(6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal."); 11 Wright & Miller, *Federal Practice & Procedure* § 2864 (3d ed. 2021) ("[I]t ordinarily is not permissible to use a Rule 60(b)(6) motion to remedy a failure to take an appeal."). I therefore concur in affirming the district court's denial of Rule

2

60(b)(6) relief to Berkeley.